**HARRIS CORPORATION,**
Plaintiff-Appellee,

v.

**NATIONAL IRANIAN RADIO AND TELEVISION and Bank Melli Iran,**
Defendants-Appellants.

No. 80–5731.

United States Court of Appeals,
Fifth Circuit.
Unit B

April 24, 1981.

Abourezk, Shack & Mendenhall, Thomas G. Shack, Jr., Washington, D. C., Jeffrey S. Goldman, Orlando, Fla., for NIRT.

Greg A. Danilow, New York City, for Bank Melli Iran.

Donovan, Leisure, Newton & Irvine, Louis C. Lustenberger, New York City, Reinman, Harrell, Silberhorn, Moule & Boyd, Edward J. Silberhorn, Melbourne, Fla., for plaintiff-appellee.

Before RONEY, FRANK M. JOHNSON, Jr., and HENDERSON, Circuit Judges.

PER CURIAM:

This action involves a claim against Iranian government-controlled entities. It is presently before this Court on an interlocutory appeal from a preliminary injunction. We consider here a request by the United States to stay litigation of plaintiff's claim and nullify an attachment order in light of the agreement that obtained release of American hostages from Iran, and the implementing Executive Orders and regulations.

Briefly, plaintiff Harris Corporation entered into a contract in 1978 to sell broadcast transmitters to defendant National Iranian Radio and Television ("NIRT"). Defendant Bank Melli Iran ("Melli") issued a performance guarantee in favor of NIRT to guarantee plaintiff's performance. Plaintiff obtained a letter of credit from Continental Illinois National Bank and Trust Company ("Continental Bank") in favor of Melli. This letter of credit would reimburse Melli to the extent it is required to pay NIRT on the performance guarantee. The Iranian Revolution prevented delivery of the few transmitters that had not already been delivered. NIRT, stating that plaintiff had failed to comply with the contract, demanded that Melli extend or pay

the performance guarantee. Melli then demanded that Continental Bank extend or pay on the letter of credit. Plaintiff thereupon filed suit seeking an injunction against payment of the guarantee and letter of credit, as well as declaratory relief that it did not breach the contract or did so as a result of *force majeure.*

The district court granted plaintiff a preliminary injunction which (1) enjoins NIRT from demanding payment on the guarantee; (2) enjoins Melli from making payment on the guarantee and from demanding payment on the letter of credit; (3) directs plaintiff to "maintain a blocked account in the amount of the Letter of Credit," and enjoins removal of any funds from the blocked account; and (5) directs the attachment of that account for plaintiff's benefit. NIRT and Melli have filed an interlocutory appeal from this preliminary injunctive relief.

The United States has filed a Statement of Interest with this Court in which it contends that under the terms of the Hostage Agreement and the implementing Executive Orders and regulations, this action should be stayed and the attachment order nullified. This Statement was apparently prepared for and filed in all litigation that might be affected by the Hostage Agreement, there being several hundred such lawsuits, and is not specifically targeted to this suit.

In response, plaintiff persuasively argues the Hostage Agreement, Executive Orders and regulations do not apply to this litigation. *First,* the suspension order and regulations do not apply because this suit involves a dispute over a standby letter of credit. The February 24, 1981 Executive Order clearly states:

> Nothing in this Order shall apply to any claim concerning the validity or payment of a standby letter of credit, performance or payment bond or other similar instrument.

*See also* 31 C.F.R. § 535.222(g). *Second,* the provisions requiring the nullification of attachments also do not apply here. Under § 535.218(a)–(c), the only attachments nulli-fied are those of "Iranian property subject to transfer." Under § 535.438, Iranian property subject to transfer "does not include substitute blocked accounts established under section 535.568 relating to standby letters of credit...."

No answer to these arguments has been provided this Court by the United States. Accordingly, IT IS ORDERED that the request to stay further proceedings in this Court is DENIED.